## PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. CASTO RAMÍREZ, Defendant and Appellant.

No. 7147. Argued November 10, 1938.—Decided January 25, 1939.

*Carlos García Méndez,* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The chief of police of Cabo Rojo swore out an information against the accused, Casto Ramírez, because " . . . he illegally, voluntarily, maliciously and knowingly, carried on the business and through agents circulated for sale tickets, slips, checks or numbers, as owner, director and manager of a bank of *'bolita'* or *'boli-pool'* known as 'K.K.L.,' which is a clandestine lottery expressly forbidden by law and which lottery the herein accused Casto Ramírez managed and di-

rected and played on October 10, 1937, knowing that said tickets, slips, checks or numbers were used and were being used in the illegal game of 'bolita' or 'boli-pool' and that the first prize of $200 was for those persons who should buy them and have them and run the luck or chance of obtaining the said first prize if the number bought by these people or by any person should happen to be in the same order and be the same as the last three numbers of the number which should win the first prize in the National Dominican lottery. . . ."

The accused was convicted in the Municipal Court of Cabo Rojo and later in the District Court of Mayagüez, from which this appeal comes.

The appellant alleges that the court a quo committed error in not eliminating the uncorroborated testimony of an accomplice and in declaring him guilty without sufficient evidence. We shall discuss the alleged errors together.

The testimony of the first witness of the district attorney, the chief of police, was entirely hearsay and, therefore, we can ignore his testimony. This is not so in regard to Carmen Lavezzari, the accomplice of the accused, to whose testimony the first alleged error refers. This witness declared that Casto Ramírez was the owner of a bank of "boli-pool" which both of them managed; that she sold the tickets that the accused brought to her and that later she delivered to him the amount of their sale; that on prior occasions she had seen two tickets shown to her by the district attorney and which were numbered 578 and which belonged to the bank K. K. L., which was the property of Casto Ramírez; that said tickets were sold by José Rodríguez and won prizes; that Casto Ramírez did not pay the prizes when Rodríguez went to collect them; that this happened in October, 1937; that she does not sell tickets of the bank but delivers them.

The next witness of the district attorney, José Rodríguez, testified substantially that under orders of Marta Beatriz González, and for her, he bought from Carmen Lavezzari the

tickets which won the prizes and that the accused refused to pay them; that he received the tickets from the latter to deliver them to Lavezzari; that of his own knowledge he knew that Ramírez was the owner of a *"boli-pool"* bank; that he also knows that the tickets which won prizes were delivered by the accused to Carmen Lavezzari.

We can also ignore the testimony of the witness Marta Beatriz González, who only testified as to what we already know from the testimony of José Rodríguez and also that as she could not collect the tickets she gave them to her attorney Pedro Baigés Gómez so that he would collect them for her.

Baigés Gómez testified that on October 14, 1937, Marta Beatriz González gave him the tickets of the *"boli-pool"* which the district attorney showed him and which were numbered 578; that he then went to visit Casto Ramírez to try to collect the amount of $100 which was the prize won by those tickets; that Casto Ramírez told him that the $100 of the prize had been delivered by him to Carmen Lavezzari so that she in her turn would deliver them to Marta Beatriz González; that finally he personally turned over the tickets to the municipal judge.

This is all the evidence of the witnesses of the district attorney; the documentary evidence consisted of the tickets. Taken as a whole, in our opinion it is sufficient to uphold the judgment as rendered. It is not necessary, as alleged by the accused, that he be " . . . caught carrying or having in his possession or selling or managing or directing or playing . . . the illegal game of *'boli-pool'*." In *People* v. *Morales,* 51 P.R.R.____, we decided:

". . . . Section 2 of Act No. 25 of 1935 directs the Insular Police to confiscate and place at the disposal of the corresponding municipal court any appliance, material, utensil, or implement *being used* to operate the illegal games known as *'bolita'* and *'boli-pool',*

and to arrest and denounce the persons who violate the said Act. And section 4 thereof provides:

" ' . . . and every owner, proxy, agent, person in charge, director,. or manager of the games prohibited by this Act shall, upon conviction, be punished by a fine of not less than one hundred (100) dollars. nor more than two hundred (200) dollars,' etc.

"The evidence shows that, upon learning that in the ward of Las Cuevas a game of 'bolita' was being operated under the name of 'La Estrella', the police proceded to search the house of the person regarded as a suspect and deemed to be the owner, or the person in charge, or the manager of said game. The appliances found under the bed of the defendant were evidently of the same kind as those ordinarily used in said game. It was not necessary that said appliances should have been used precisely at the time they were confiscated by the police."

For the above stated reasons the second alleged error should be overruled.

The first was not committed either. It is true that this court has decided that the uncorroborated evidence of an accomplice is not sufficient to convict an accused. *People* v. *Collazo*, 38 P.R.R. 891. But this rule is not applicable to the present case because the testimony of Carmen Lavezzari, accomplice of the accused, Casto Ramírez, was corroborated by that of the attorney Baigés Gómez, who was not an accomplice of Ramírez and whose testimony was given full credit by the lower court, according to statements made by said court. If what has been testified to by this witness is true,. and we cannot presume the contrary, the accused admitted that he had paid the prize corresponding to tickets No. 578 to Carmen Lavezzari, thereby corroborating the rest of the evidence.

The judgment appealed from should be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.